CHRISTIAN J. MARTINEZ (CA State Bar No. 215360)
2500 Dean Lesher Drive, Suite A
Concord, CA 94520
Telephone: (925) 689-1200
Facsimile: (925) 689-1263
cmartinez@copypro.com

RICHARD ESTY PETERSON (State Bar No. 41013)
1905-D Palmetto Avenue
Pacifica, CA 94044
Telephone: (650) 557-5708
Facsimile: (650) 557-5716
sfreptile@mac.com

Attorneys for Plaintiff,
WORDTECH SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| WORDTECH SYSTEMS INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICROBOARDS MANUFACTURING, L.L.C., MICROBOARDS TECHNOLOGY, L.L.C., DOES 1-50;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff, WORDTECH SYSTEMS Inc. ("WORDTECH"), a California corporation, in and through its attorneys, alleges:

**THE PARTIES**

1. Plaintiff, WORDTECH is a corporation organized under the laws to the State of California with its principal place of business located at Concord, California.

2. On information and belief, defendant MICROBOARDS MANUFACTURING, L.L.C. is a Limited Liability Company doing business in the State of California with its principal place of business in Salida, CA.

3. On information and belief, defendant MICROBOARDS TECHNOLOGY, L.L.C. is a Limited Liability Company doing business in the State of Minnesota with its principal place of business in Chanhassen, MN.  MICROBOARDS MANUFACTURING, L.L.C. and MICROBOARDS TECHNOLOGY L.L.C. will be collectively referred to as "DEFENDANTS".

4. WORDTECH is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOES 1 -50 inclusive.  WORDTECH will amend this Complaint to allege their true names and capacities when ascertained.  WORDTECH is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that WORDTECH's injuries as alleged herein were proximately caused by the wrongful conduct of these fictitiously named defendants.

5. WORDTECH is informed and believes and thereon alleges that at all times herein, DEFENDANTS were the agents, servants, and /or employees of their codefendants and in doing the things alleged herein were acting within the course and scope of their authority with the permission and consent of their codefendants.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S. C. §§ 271, 281, and 283-285.

7. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this Court under 28 U.S. C. §§ 1391(b) and 1391(c) and/or 1400(b).

## INTRADISTRICT ASSIGNMENT

9. This is an Intellectual Property Action under this Court's Assignment Plan, and therefore assignment to the Sacramento Division of the Court is proper pursuant to Civil L.R. 3-120.

## BACKGROUND

10. On October 31, 2000, the U.S. Patent Office issued U.S. Patent No. 6,141,298, entitled Programmable Self-Operating Compact Disk Duplication System, listing David Miller as the inventor ("Patent '298").  A true and correct copy of Patent '298 is attached hereto as **Exhibit 1**.

11. On March 11, 2003, the U.S. Patent Office issued a patent, U.S. Patent No. 6,532,198 entitled Programmable Self-Operating Compact Disk Duplication System, listing David Miller as the

1  inventor ("Patent '198). A true and correct copy of Patent '198 is attached hereto as **Exhibit 2**.

2  12. On or about November 23, 2004, the U.S. Patent Office issued a patent, U.S. Patent No. 6,822,932 entitled Programmable Self-Operating Compact Disk Duplication System, listing David Miller as the inventor ("Patent '932). A true and correct copy of Patent '932 is attached hereto as **Exhibit 3**.

3  13. On or about November 23, 2004, the U.S. Patent Office issued a patent, U.S. Patent No. 7,145,841 entitled Programmable Self-Operating Compact Disk Duplication System, listing David Miller as the inventor ("Patent '841). A true and correct copy of Patent '841 is attached hereto as **Exhibit 4**.

4  14. WORDTECH is sole and exclusive owner by assignments by the inventor, David Miller, of all rights, title, and interest in Patents '298, '198, '932, and '841, and has the right to bring this suit for damages and injunctive relief. True and correct copies of the assignments are attached hereto as **Exhibit 5**.

5  15. Patents '298, '198, '932, and '841 relate to a Programmable Self-Operating Compact Disk Duplication System, including, *inter alia*, five basic elements: (1) At least one disk copying drive; (2) disk stackers; (3) A rotary transport tower with a vertical axis; (4) vertically positionable disk picker that is rotatable about the vertical axis; and (5) Some ability to control the actions above, or any device that is covered by one or more claims of one or more of the Patents.

6  16. WORDTECH has complied with the marking requirements as set forth in Title 35 U.S.C. §287.

**COUNT I**

**(Infringement of U.S. Patent 6,141,298)**

17. Plaintiff hereby incorporates paragraphs 1-16 above, inclusive, by this reference.

18. On information and belief, DEFENDANTS, without a license from WORDTECH, are in the business of, *inter alia*, making, using, selling, importing and/or offering to sell programmable self-operating compact disc duplication systems ("DEVICES") that have each of the elements of and infringe one or more claims of the '298 patent, literally or under the doctrine of equivalents.

19. On information and belief, by making, using, selling, importing and or offering to sell DEVICES, DEFENDANTS have directly and contributorily infringed and have actively induced others to infringe and will continue to directly and contributorily infringe and actively induce others to infringe one more of the claims of Patent '298 under 35 U.S.C. § 271 (a), (b), (c) and/or (f) literally

or under the doctrine of equivalents.

20. DEFENDANTS had been informed that a license was needed under Patent '298.

21. On information and belief, DEFENDANTS' infringement of Patent '298 has been and continues to be willful, deliberate and objectively reckless entitling WORDTECH to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

22. As a direct and proximate consequence of the acts and practices of DEFENDANTS, plaintiff WORDTECH has been, is being, and continues to be damaged; unless such acts and practices of defendant are enjoined by the Court, plaintiff will continue to be injured in its business and property rights and has suffered and is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

## COUNT II

### (Infringement of U.S. Patent 6,532,198)

23. Plaintiff hereby incorporates paragraphs 1-22 above, inclusive, by this reference.

24. On information and belief, DEFENDANTS, without a license from WORDTECH, are in the business of, *inter alia*, making, using, selling, importing and/or offering to sell DEVICES that have each of the elements of and infringe one or more claims of the '198 patent, literally or under the doctrine of equivalents.

25. On information and belief, by making, using, selling, importing and or offering to sell DEVICES, DEFENDANTS have directly and contributorily infringed and have actively induced others to infringe and will continue to directly and contributorily infringe and actively induce others to infringe one more of the claims of Patent '198 under 35 U.S.C. § 271 (a), (b), (c) and/or (f) literally or under the doctrine of equivalents.

26. DEFENDANTS had been informed that a license was needed under Patent '198.

27. On information and belief, DEFENDANTS' infringement of Patent '198 has been and continues to be willful, deliberate and objectively reckless entitling WORDTECH to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

28. As a direct and proximate consequence of the acts and practices of DEFENDANTS, plaintiff WORDTECH has been, is being, and continues to be damaged; unless such acts and practices of defendant are enjoined by the Court, plaintiff will continue to be injured in its business and property rights and has suffered and is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

## COUNT III

### (Infringement of U.S. Patent No. 6,822,932)

29. Plaintiff hereby incorporates paragraphs 1-28 above, inclusive, by this reference.

30. On information and belief, DEFENDANTS, without a license from WORDTECH, are in the business of, *inter alia*, making, using, selling, importing and/or offering to sell DEVICES that have each of the elements of and infringe one or more claims of the '932 patent, literally or under the doctrine of equivalents.

31. On information and belief, by making, using, selling, importing and or offering to sell DEVICES, DEFENDANTS have directly and contributorily infringed and have actively induced others to infringe and will continue to directly and contributorily infringe and actively induce others to infringe one more of the claims of Patent '932 under 35 U.S.C. § 271 (a), (b), (c) and/or (f) literally or under the doctrine of equivalents.

32. DEFENDANTS have been informed that a license was needed under Patent '932.

33. On information and belief, DEFENDANTS' infringement of Patent '932 has been and continues to be willful, deliberate and objectively reckless entitling WORDTECH to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

34. As a direct and proximate consequence of the acts and practices of DEFENDANTS, plaintiff WORDTECH has been, is being, and continues to be damaged; unless such acts and practices of defendant are enjoined by the Court, plaintiff will continue to be injured in its business and property rights and has suffered and is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

## COUNT IV

### (Infringement of Patent 7,145,841)

35. Plaintiff hereby incorporates paragraphs 1-34 above, inclusive, by this reference.

36. On information and belief, DEFENDANTS, without a license from WORDTECH, are in the business of, *inter alia*, making, using, selling, importing and/or offering to sell DEVICES that have each of the elements of and infringe one or more claims of the '841 patent, literally or under the doctrine of equivalents.

37. On information and belief, by making, using, selling, importing and or offering to sell DEVICES, DEFENDANTS have directly and contributorily infringed and have actively induced others to infringe and will continue to directly and contributorily infringe and actively induce others to infringe one more of the claims of Patent '841 under 35 U.S.C. § 271 (a), (b), (c) and/or (f) literally or under the doctrine of equivalents.

38. DEFENDANTS had been informed that a license was needed under Patent '841.

39. On information and belief, DEFENDANTS' infringement of Patent '841 has been and continues to be willful, deliberate and objectively reckless entitling WORDTECH to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

40. As a direct and proximate consequence of the acts and practices of DEFENDANTS, plaintiff WORDTECH has been, is being, and continues to be damaged; unless such acts and practices of defendant are enjoined by the Court, plaintiff will continue to be injured in its business and property rights and has suffered and is suffering and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

## JURY DEMAND

41. Plaintiff requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the entry of a judgment from this Court:

a. Declaring that United States Patent No. 6,141,298 was duly and legally issued, and is valid and enforceable;

1  b. Declaring that United States Patent No. 6,532,198 was duly and legally issued, and is valid and enforceable;

2

3  c. Declaring that United States Patent No. 6,822,932 was duly and legally issued, and is valid and enforceable;

4

5  d. Declaring that United States Patent No. 7,145,841 was duly and legally issued, and is valid and enforceable;

6

7  e. Declaring that defendant DEFENDANTS collectively and individually have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of Patents '298, '198, '932, and '841;

10 f. Declaring that defendants DEFENDANTS have collectively and individually acted with objective recklessness and willfully infringed one or more claims of Patents '298, '198, 932, and 841, entitling Plaintiff to enhanced damages;

13 g. Deeming this to be an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiff WORDTECH, to an award of its reasonable attorneys' fees expense and costs in this action from DEFENDANTS; and

16 h. Preliminarily and permanently enjoining defendant DEFENDANTS, and its respective officers, agents, servants employees, and attorneys and those persons in active concert or participation with them who receive notice of the order by personal service or otherwise, from committing further acts of infringement under 35 U.S.C. § 271 of one or more claims of Patents '298, '198, '932, and '841 pursuant to 35 U.S. C § 283;

21 i. Awarding Plaintiff damages in accordance with 35 U.S. C. § 284;

22 j. Awarding Plaintiff its costs in connection with this action;

23 k. Awarding Plaintiff such other and further relief as this Court may deem to be just and proper.

25 DATE: August 26, 2009                         RESPECTFULLY SUBMITTED,

26                                              /s/ Christian J. Martinez
                                                Christian J. Martinez
27                                              Attorney for Plaintiff,
                                                Wordtech Systems, Inc.
28

COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL (Case No.        ) - 7